# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| SANASTAR, INC., d/b/a WIZKID PRODUCTS<br><br>  Plaintiff,<br><br>  v.<br><br>FRESH PRODUCTS LLC<br><br>  Defendant. | Civil Action No. 3:25-cv-00418-JZ<br><br>Hon. Jack Zouhary<br><br>JURY TRIAL DEMANDED<br><br>**FRESH PRODUCTS LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** |
| FRESH PRODUCTS LLC<br><br>  Counter-Claimant,<br><br>  v.<br><br>SANASTAR, INC., d/b/a WIZKID PRODUCTS<br><br>  Counter-Defendant. | |

Defendant Fresh Products LLC ("Fresh Products"), through its undersigned attorneys, hereby answers the Complaint of Plaintiff Sanastar, Inc. d/b/a WizKid Products ("Plaintiff" or "Sanastar" or "WizKid") and Fresh Products hereby submits its counterclaim as follows:

## JURISDICTION, VENUE, AND THE PARTIES

1. Fresh Products admits that the Complaint asserts claims under U.S. statute 35 U.S.C. §§ 271, *et seq*. To the extent Paragraph 1 of the Complaint contains any additional allegations, Fresh Products denies those allegations.

7904155.1

2. For purposes of this action only, Fresh Products does not contest subject matter jurisdiction. Except as expressly admitted, Fresh Products denies each and every remaining allegation in Paragraph 2 of the Complaint.

3. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of the Complaint, and therefore denies each and every allegation of Paragraph 3 of the Complaint.

4. Fresh Products admits that it has its principal place of business in Perrysburg, Ohio. WizKid's allegation that "[a]t all times material hereto, Fresh Products has and had its principal place of business in Perrysburg Ohio" is vague with respect to at least the phrase "[a]t all times material hereto," and on that basis, Fresh Products lacks sufficient knowledge or information to admit or deny this allegation and, therefore, denies this allegation.

5. Fresh Products denies the allegations in Paragraph 5 of the Complaint.

6. Fresh Products admits that venue is proper in the Norther District of Ohio because Fresh Products "resides" in this judicial district. Except as expressly admitted, Fresh Products denies each and every remaining allegation in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products denies each and every allegation in Paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

8. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore denies each and every allegation of Paragraph 8 of the Complaint.

9. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore denies each and every allegation of Paragraph 9 of the Complaint.

10. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore denies each and every allegation of Paragraph 10 of the Complaint.

11. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint, and therefore denies each and every allegation of Paragraph 11 of the Complaint.

12. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint, and therefore denies each and every allegation of Paragraph 12 of the Complaint.

13. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies each and every allegation of Paragraph 13 of the Complaint.

14. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint, and therefore denies each and every allegation of Paragraph 14 of the Complaint.

15. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint, and therefore denies each and every allegation of Paragraph 15 of the Complaint.

16. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint, and therefore denies each and every allegation of Paragraph 16 of the Complaint.

17. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Complaint, and therefore denies each and every allegation of Paragraph 17 of the Complaint.

18. Fresh Products denies that the "Splash Hog" is or was "innovative and revolutionary." Fresh Products lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 18 of the Complaint, and therefore denies each and every remaining allegation of Paragraph 18 of the Complaint.

19. Fresh Products denies that the "Splash Hog" is or was "revolutionary." Fresh Products lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 19 of the Complaint, and therefore denies each and every remaining allegation of Paragraph 19 of the Complaint.

20. Fresh Products admits that U.S. Patent No. 10,036,154 ("the '154 patent") lists on its face an issue date of July 31, 2018. Fresh Products admits that U.S. Patent No. 10,294,649 ("the '649 patent") lists on its face an issue date of May 21, 2019. Except as expressly admitted, Fresh Products denies each and every remaining allegation in Paragraph 20 of the Complaint.

21. Fresh Products denies that the Splash Hog is or was an "innovative, revolutionary urinal screen." Fresh Products lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 21 of the Complaint, and therefore denies each and every remaining allegation of Paragraph 21 of the Complaint.

22. Fresh Products denies that the Splash Hog is or was "innovative." Fresh Products lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 22 of the Complaint, and therefore denies each and every remaining allegation of Paragraph 22 of the Complaint.

23. Fresh Products admits that, on December 19, 2024, an assignment was recorded at the United States Patent and Trademark Office ("USPTO"), purporting to assign the '154 patent to Sanastar Inc. Fresh Products admits that, on December 19, 2024, an assignment was recorded at the USPTO, purporting to assign the '649 patent to Sanastar Inc. To the extent Paragraph 23 of the Complaint contains any additional allegations, those allegations contain legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23 of the Complaint, and therefore denies each and every remaining allegation of Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products denies each and every allegation in Paragraph 24 of the Complaint.

25. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint, and therefore denies each and every allegation of Paragraph 25 of the Complaint.

26. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint, and therefore denies each and every allegation of Paragraph 26 of the Complaint.

27. Fresh Products admits that it manufactures and sells odor control, sanitary, and urinal screen products.  WizKid's allegation that "Fresh Products is the largest direct competitor of WizKid" is vague with respect to at least the phrase "largest direct competitor," and on that basis, Fresh Products lacks sufficient knowledge or information to admit or deny this allegation and, therefore, denies this allegation.

28. WizKid's allegation that "Fresh Products was not always WizKid's direct competitor" is vague with respect to at least the phrase "direct competitor," and on that basis, Fresh Products lacks sufficient knowledge or information to admit or deny this allegation and, therefore, denies this allegation.

29. Fresh Products admits that, in 2015, WizKid and Fresh Products discussed a potential manufacturing arrangement.  Fresh Products lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 29 of the Complaint, and therefore denies each and every allegation of Paragraph 29 of the Complaint.

30. Fresh Products admits that Exhibit 1 to the Complaint ("2016 Manufacturing Agreement") is an agreement between WizKid and Fresh Products, bearing the date May 10, 2016 and titled "Wiz Kid – Fresh Buy/Sell Agreement."  Except as expressly admitted, Fresh Products denies each and every remaining allegation in Paragraph 30 of the Complaint.

31. Fresh Products admits that the '154 patent lists on its face an issue date of July 31, 2018.  Fresh Products admits that Exhibit 2 to the Complaint ("2018 Manufacturing Agreement") is an agreement between WizKid and Fresh Products, bearing the date December 1, 2018 and titled "Master Contract Manufacturing Services Agreement."  Except as expressly admitted, Fresh Products denies each and every remaining allegation in Paragraph 31 of the Complaint.

32. WizKid's allegation that, "[i]n response to the issuance of the '154 Patent and at the specific direction of WizKid, Fresh Products began marking WizKid's Splash Hog urinal screens with the '154 Patent number is vague with respect to at least the phrase "[i]n response to the issuance of the '154 Patent," and on that basis, Fresh Products lacks sufficient knowledge or information to admit or deny this allegation and, therefore, denies this allegation.

33. Fresh Products admits that Paragraph 14.1(b) of the 2018 Manufacturing Agreement states on its face that "… Manufacturer may not use any of WizKid's Background Intellectual Property Rights other than to produce and supply Products to WizKid hereunder[.]" Fresh Products admits that Paragraph 14.1(a) of the 2018 Manufacturing Agreement defines on its face "Background Intellectual Property Rights" as "Intellectual Property, as applicable, except for any Foreground Intellectual Property Rights[.]" Fresh Products admits that Paragraph 14.1(d) of the 2018 Manufacturing Agreement defines on its face "Foreground Intellectual Property Rights" as "any and all of the Intellectual Property Rights developed with respect to, or for incorporation into, the Products, that are either developed by WizKid alone, by WizKid and Manufacturer jointly or by Manufacturer alone as requested by WizKid in connection with this Agreement[.]" Fresh Products admits that Paragraph 14.1(e) of the 2018 Manufacturing Agreement states on its face that "Manufacturer assigns to WizKid all of Manufacturer's right, title and interest in and to all Foreground Intellectual Property Rights[.]" Except as expressly admitted, Fresh Products denies each and every remaining allegation in Paragraph 33 of the Complaint.

34. Fresh Products denies that Fresh Products' success "flowed" from WizKid's alleged growth. Fresh Products lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 34 of the Complaint, and therefore denies each and every allegation of Paragraph 34 of the Complaint.

35. Fresh Products denies the allegations in Paragraph 35 of the Complaint.

36. Fresh Products denies the allegations in Paragraph 36 of the Complaint.

37. Fresh Products admits that, in 2023, Fresh Products began selling the TSUNAMI urinal screen. Except as expressly admitted, Fresh Products denies each and every remaining allegation in Paragraph 37 of the Complaint.

38. Fresh Products denies that it "made a conscious effort to mimic its direct competitor's product by infringing the WizKid Patents and implementing the technology protected therein, in which it was already on notice." The remaining allegations in Paragraph 38 contain legal conclusions to which no answer is required, and are too vague to enable Fresh Products to admit or deny those allegations, and on that basis, Fresh Products denies each and every remaining allegation in Paragraph 38 of the Complaint.

## THE ASSERTED PATENTS

39. Fresh Products admits that the '154 patent lists on its face an issue date of July 31, 2018 and is titled "Urinal Anti-Splash Device." Fresh Products admits that Exhibit 3 to the Complaint is a copy of the '154 patent. Except as expressly admitted, Fresh Products denies each and every remaining allegation in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products denies each and every allegation in Paragraph 40 of the Complaint.

41. Fresh Products admits Paragraph 41 of the Complaint.

42. Fresh Products admits that the '649 patent lists on its face an issue date of May 21, 2019 and is titled "Urinal Anti-Splash Device." Fresh Products admits that Exhibit 4 to the

Complaint is a copy of the '649 patent. Except as expressly admitted, Fresh Products denies each and every remaining allegation in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products denies each and every allegation in Paragraph 43 of the Complaint.

44. Fresh Products admits Paragraph 44 of the Complaint.

45. Fresh Products denies the allegations in Paragraph 45 of the Complaint.

46. Fresh Products admits that WizKid and Fresh Products corresponded with each other between October 26, 2023 and June 24, 2024. Fresh Products admits that Exhibit 5 to the Complaint includes an October 26, 2023 letter from WizKid to Fresh Products and a November 8, 2023 letter from Fresh Products to WizKid. Except as expressly admitted, Fresh Products denies each and every remaining allegation in Paragraph 46 of the Complaint.

47. Fresh Products lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of the Complaint, and therefore denies each and every allegation of Paragraph 47 of the Complaint.

## WIZKID'S COUNT ONE

### (Alleged Infringement of the U.S. Patent No. 10,036,154)

48. Fresh Products incorporates by reference its answers to the allegations in Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49. Fresh Products denies the allegations in Paragraph 49 of the Complaint.

50. Fresh Products denies the allegations in Paragraph 50 of the Complaint.

51. Fresh Products admits that claim 1 of the '154 patent recites, among other things, a "urinal anti-splash device comprising: an anti-splash body sized and shaped to couple to at least a

portion of a urinal…" The remaining allegations in Paragraph 51 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products denies each and every remaining allegation in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products denies each and every allegation in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products denies each and every allegation in Paragraph 53 of the Complaint.

54. Fresh Products admits that claim 1 of the '154 patent recites, among other things, "a first plurality of protrusions extending outwardly from the upper surface of the anti-splash body and which taper downwardly in a direction toward the upper surface of the anti-splash body; and a second plurality of protrusions extending outwardly from the base, the second plurality of protrusions configured to extend in the direction substantially perpendicular from the first portion of the anti-splash body." The remaining allegations in Paragraph 54 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products denies each and every allegation in Paragraph 54 of the Complaint.

55. Fresh Products denies the allegations in Paragraph 55 of the Complaint.

56. Fresh Products denies the allegations in Paragraph 56 of the Complaint.

57. Fresh Products denies the allegations in Paragraph 57 of the Complaint.

58. Fresh Products denies the allegations in Paragraph 58 of the Complaint.

## WIZKID'S COUNT TWO

### (Alleged Infringement of the U.S. Patent No. 10,294,649)

59. Fresh Products incorporates by reference its answers to the allegations in Paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60. Fresh Products denies the allegations in Paragraph 60 of the Complaint.

61. Fresh Products denies the allegations in Paragraph 61 of the Complaint.

62. Fresh Products admits that claim 1 of the '649 patent recites, among other things, a "urinal anti-splash device comprising: an anti-splash body configured to be mounted vertically on a back wall of a urinal and having a plurality of protrusions that extend from a front surface of the anti-splash body…" The remaining allegations in Paragraph 62 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products denies each and every remaining allegation in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products denies each and every allegation in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Fresh Products denies each and every allegation in Paragraph 64 of the Complaint.

65. Fresh Products denies the allegations in Paragraph 65 of the Complaint.

66. Fresh Products denies the allegations in Paragraph 66 of the Complaint.

67. Fresh Products denies the allegations in Paragraph 67 of the Complaint.

68. Fresh Products denies the allegations in Paragraph 68 of the Complaint.

## WIZKID'S PRAYER FOR RELIEF

Fresh Products denies that WizKid is entitled to any relief, either as prayed for in its Complaint or otherwise.

## AFFIRMATIVE DEFENSE

Fresh Products asserts the following affirmative defense to the Complaint. In doing so, Fresh Products does not intend to assume the burden of proof with respect to those matters for which Plaintiff bears the burden of proof under the law. Fresh Products expressly reserves the right to allege additional defenses as they become known through the course of discovery.

69. The claims of the '154 patent and the '649 patent (collectively the "asserted patents") are invalid for failure to satisfy one or more of the requisite conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, §§ 102, 103, 112.

## FRESH PRODUCTS LLC'S COUNTERCLAIMS

Defendant Fresh Products LLC ("Fresh Products"), by and through its undersigned attorneys, brings the following counterclaims against Plaintiff Sanastar, Inc. d/b/a WizKid Products ("Plaintiff" or "Sanastar" or "WizKid") and alleges as follows:

## PARTIES

1. Fresh Products is an Ohio limited liability company having its principal place of business at 30600 Oregon Rd., Perrysburg, Ohio 43551.

2. On information and belief, WizKid is a Florida corporation having its principal place of business at 2021 NE 59 Court, Fort Lauderdale, Florida 33308.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States (35 U.S.C. § 100 et seq.) and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over WizKid because, among other reasons, WizKid has submitted to the jurisdiction of this Court by filing its Complaint in this district.

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because WizKid has filed its Complaint in this district.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Invalidity of U.S. Patent No. 10,036,154)**

7. Fresh Products incorporates by reference the allegations contained in all preceding paragraphs of these counterclaims as if set forth fully herein.

8. WizKid alleges in its Complaint that it owns the '154 patent and that Fresh Products has infringed at least claim 1 of the '154 patent by making, using, selling, offering for sale, and/or importing into the United States the TSUNAMI urinal screen.

9. There exists an actual and justiciable controversy between WizKid and Fresh Products regarding the invalidity of one or more claims of the '154 patent, and this controversy is ripe for adjudication by this Court.

10. One or more claims of the '154 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability that are set forth in 35 U.S.C. §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.  For example, the claims of the '154 patent are invalid as anticipated and/or obvious over the prior art, including Japanese Publication No. JPS 60-190865 to Fushimi ("Fushimi").

11. Fushimi is prior art to the '154 patent.

12. Fushimi discloses a urinal anti-splash device.

13

13. Fushimi discloses a urinal anti-splash device comprising an anti-splash body sized and shaped to couple to at least a portion of the urinal.

14. The anti-splash body disclosed in Fushimi includes: a first portion; a second portion opposite the first portion; a length extending from the first portion to the second portion; and an upper surface extending the length.

15. Fushimi discloses a urinal anti-splash device having a base couplable to the first portion and configured to extend in a direction substantially perpendicular from the first portion.

16. Fushimi discloses a urinal anti-splash device having a first plurality of protrusions extending outwardly from the upper surface of the anti-splash body.

17. Fushimi discloses a urinal anti-splash device having a second plurality of protrusions extending outwardly from the base, the second plurality of protrusions configured to extend in the direction substantially perpendicular from the first portion of the anti-splash body.

18. It was well known at the time of the '154 patent's priority date for a urinal anti-splash device to include tapered protrusions.

19. For example, U.S. Patent No. 10,145,098 ("Brown") is prior art to the '154 patent and discloses a urinal screen having protrusions that taper downwardly in a direction toward the upper surface of the urinal screen.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fresh Products requests a judicial declaration that one or more claims of the '154 patent are invalid.

## **SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 10,294,649)**

21. Fresh Products incorporates by reference the allegations contained in all preceding paragraphs of these counterclaims as if set forth fully herein.

22. WizKid alleges in its Complaint that it owns the '649 patent and that Fresh Products has infringed at least claim 1 of the '649 patent by making, using, selling, offering for sale, and/or importing into the United States the TSUNAMI urinal screen.

23. There exists an actual and justiciable controversy between WizKid and Fresh Products regarding the invalidity of one or more claims of the '649 patent, and this controversy is ripe for adjudication by this Court.

24. One or more claims of the '649 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability that are set forth in 35 U.S.C. §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto. For example, the claims of the '649 patent are invalid as anticipated and/or obvious over the prior art, including Japanese Publication No. JPS 60-190865 to Fushimi ("Fushimi").

25. Fushimi discloses a urinal anti-splash device comprising an anti-splash body to be mounted on a back wall of a urinal, the anti-splash body including a plurality of protrusions extending from a front surface of the anti-splash body.

26. Fushimi discloses a urinal anti-splash device comprising a base that is attached to the anti-splash body and which is configured to extend in a direction substantially perpendicular from the anti-splash body to at least partially cover a drain of a urinal, and which further includes a plurality of protrusions extending outwardly from the base which are arranged to extend in a direction substantially perpendicular to plurality of protrusions of the anti-splash body.

27. It was well known at the time of the '649 patent's priority date for a urinal anti-splash device to include protrusions having a base that is wider than a top of the protrusion at the opposite end of the protrusion.

28. For example, Brown discloses a urinal screen with protrusions having a base that is wider than a top of the protrusion at the opposite end of the protrusion.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fresh Products requests a judicial declaration that one or more claims of the '649 patent are invalid.

### FRESH PRODUCTS' PRAYER FOR RELIEF

Fresh Products respectfully prays for the following relief:

A. A declaration that one or more of each of the asserted patents are invalid and/or unenforceable;

B. An award of prejudgment and postjudgment interest and costs of this action against WizKid;

C. An award to Fresh Products of its attorneys' fees incurred in connection with this action;

D. Such further relief as the Court deems just and appropriate.

Respectfully submitted,

*s/ Carrie L. Urrutia*
Carrie L. Urrutia (0073874)
Jade L. Robinson (0100187)
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, OH 43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777
Email: CLUrrutia@eastmansmith.com
Email: JLRobinson@eastmansmith.com

> Joseph F. Jennings, CA SBN 145920
> (*pro hac vice*)
> Rhett D. Ramsey, CA SBN 348077
> *(pro hac vice)*
> Knobbe, Martens, Olson & Bear, LLP
> 2040 Main St., 14th Floor
> Irvine, CA  92614
> (949) 760-0404
> (949) 760-9502
> Email:  Joe.jennings@knobbe.com
> Email:  Rhett.ramsey@knobbe.com
>
> Attorneys for Defendant and Counterclaimaint,
> Fresh Products, LLC

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant/Counterclaimant Fresh Products demands a trial by jury of all issues that are triable by jury.

> *s/ Carrie L. Urrutia*
> Carrie L. Urrutia
> Attorney for Defendant and Counterclaimaint,
> Fresh Products, LLC

## CERTIFICATE OF SERVICE

A copy of the foregoing has been electronically filed on April 30, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and parties may access this filing through the Court's System.

> *s / Carrie L. Urrutia*
> Carrie L. Urrutia
> Attorney for Defendant and Counterclaimaint,
> Fresh Products, LLC